IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FOOEY INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 5713 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| GAP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, clothing retailer Fooey Inc., filed a two-count complaint against defendant Gap, Inc., another clothing retailer, alleging copyright infringement of its t-shirt designs ("the Works").[1] One of the Works features a paper airplane on the front of a t-shirt and folding instructions on the back ("the Airplane Work"). The other depicts a dandelion ("the Dandelion Work"). Defendant has filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that its own t-shirt designs are not substantially similar to the Works. For the reasons stated below, defendant's motion to dismiss is granted.

**DISCUSSION**

**Motion to dismiss**

Defendant argues that dismissal under Rule 12(b)(6) is appropriate because its t-shirt designs are not substantially similar to the Works. The purpose of a 12(b)(6) motion is to test the sufficiency of a complaint, not to decide the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint must state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[1]The Works are depicted in Appendices A and C to this opinion. The alleged infringing works are depicted in Appendices B and D.

In copyright infringement cases, a court may dismiss under Rule 12(b)(6) when a plaintiff's complaint fails to establish a plausible basis for copyright infringement—substantial similarity between the works in question. O'Leary v. Books, 2008 WL 3889867, at *2 (N.D. Ill. 2008) (granting motion to dismiss where plaintiff failed to allege that passages in her novel—a romance between a rock star and a paralegal—were substantially similar to passages in defendant's novel, which concerned a counter-terrorism unit); Theotokatos v. Sara Lee Pers. Prods., 971 F. Supp. 332, 343 (N.D. Ill. 1997) (granting motion to dismiss where the protectable expression of plaintiff's Olympic t-shirt designs was not substantially similar to defendant's expression); see also Peters v. West, 692 F.3d 629, 636 (7th Cir. 2012) (affirming motion to dismiss where plaintiff failed to "plausibly allege" substantial similarity). Accordingly, this court evaluates substantial similarity in determining whether dismissal is appropriate.

**Copyright infringement**

Plaintiff alleges that the Works contain protectable elements that defendant has misappropriated, resulting in substantially similar t-shirt designs. To state a claim for copyright infringement, a plaintiff must establish, (1) ownership of a valid copyright, and (2) copying of the work's constituent, original elements. Feist Publn's, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); JCW Inv., Inc. v. Novelty, Inc., 482 F.3d 910, 914 (7th Cir. 2007). Federal copyright registration constitutes prima facie evidence of validity. 17 U.S.C. § 410(c) (2006). Plaintiff holds federal copyright registrations in both of the Works, thus establishing copyright validity, which defendant does not contest.

**Scope of copyright protection**

The first step in the infringement inquiry is to identify the protectable expression found within the copyrighted works. See Theotokatos, 971 F. Supp. at 341. Although defendant acknowledges plaintiff's copyright ownership, defendant challenges the scope of that protection, arguing that certain elements of the Works are not protectable. Copyright protection extends only to original elements of a work that, (1) were created independently by the author, and (2) demonstrate a modicum of creativity. Feist, 499 U.S. at 345.

Defendant advances several arguments supporting the limitation of plaintiff's copyright. First, defendant correctly points out that copyright protection does not extend to the idea of an airplane or dandelion. Second, with respect to the Airplane Work, defendant argues that the folding instructions constitute a method or utilitarian explanation and likewise fall outside the scope of copyright protection. Third, defendant argues that certain elements within the Works are not original because they are standard to any depiction of a paper airplane or dandelion.[2] With respect to the Airplane Work, defendant argues that plaintiff's use of arrows, fold lines, and a looped flight path are standard elements, and therefore excluded from copyright protection unless copied exactly. Defendant argues that plaintiff's depiction of seeds scattering about in the wind in the Dandelion Work is also unprotected.

---

[2] Defendant has attached Google search results to demonstrate that certain treatments of paper airplanes and dandelions are considered standard. This court declines to consider these search results as evidence of a "standard" treatment, and notes that many courts have declined to take judicial notice of Google search results. See, e.g., Dorner v. Commercial Trade Bureau of Cal., 2008 WL 1704137, at *4 (E.D. Cal. 2008) (finding that Google search results were not "capable of accurate and ready determination" because search results could vary from day to day); Grabein v. Jupiterimages Corp., 2008 WL 2704451, at *9 (S.D. Fla. 2008) (finding same). Compare United States v. Sessa, 2011 WL 256330, at * 25 n.12 (E.D.N.Y. 2011) (taking judicial notice of distance calculated through Google Maps).

Plaintiff counters that it does not claim copyright protection in the idea of a paper airplane or the method used to create one, or in the idea of a dandelion. Rather, plaintiff contends, its expression of these ideas—evinced in its unique selection and arrangement of design elements, color scheme, and overall "feel"—warrants copyright protection.

Copyright protection does not extend to ideas. See 17 U.S.C. § 102(b) (2006); Seng-Tiong Ho v. Taflove, 648 F.3d 489, 497 (7th Cir. 2011). Methods and other utilitarian aspects of a work are similarly unprotected by copyright. 17 U.S.C. § 102(b); Incredible Techs. Inc. v. Virtual Techs., Inc., 400 F.3d 1007 1012 (7th Cir. 2005). Nevertheless, courts recognize originality where only a "modicum" of creativity is present. Feist, 499 U.S. at 46. Even a creative selection and arrangement of otherwise unprotected elements is still entitled to copyright protection. Id. at 348 (finding that telephone directory as a whole was protectable, even though individual listings were not). While the ideas and methods underlying the Works are unprotected by copyright, plaintiff's selection and arrangement of elements within the Works receive protection.

Under the scènes à faire doctrine,[3] however, a plaintiff cannot claim as original elements that are a natural result of his or her chosen subject matter. See Incredible Techs, 400 F.3d at 1011–12 (refusing to recognize golfers, golf clubs, sand traps, and water hazards used in arcade golf game as "original" when no arcade golf game could be created without them). Scènes à faire necessarily excludes elements that are "rudimentary, commonplace, or unavoidable." Bucklew v. Hawkins, Ash, Baptie & Co., LLP., 329 F.3d 923, 929 (7th Cir. 2003). Where

---

[3] Literally "scenes for action," a theatrical term referring to the most important scene in a drama, made inevitable by the action leading up to it. Bucklew v. Hawkins, Ash, Baptie & Co., LLP., 329 F.3d 923, 929 (7th Cir. 2003).

creative expression is inseparable from an underlying idea, copyright protects only against identical copying. Atari, Inc.v. N. Am. Phillips Consumer Elecs. Corp., 672 F.2d 607, 616 (7th Cir. 1982), superseded on other grounds, as recognized in Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423 (7th Cir. 1985).

Nevertheless, even elements excluded by scènes à faire may be entitled to copyright protection where an author has arranged them in a unique way or added a "novel twist," supplying the minimal level of originality necessary for copyright protection. Bucklew, 329 F.3d at 929. In clothing design, the selection of design elements, coordination and arrangement of those elements and color scheme are considered protectable. See Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1004 (2d Cir. 1995) (finding selection of squirrels and leaves, fall color palate, and arrangement of appliques on children's sweaters protectable).

This court concludes that plaintiff's design choices warrant copyright protection, even though the Works contain commonplace elements. As to the Airplane Work, plaintiff's decision to position the airplane on the front of the shirt and the instructions on the back, to angle the airplane across the front of the shirt, and to include a single loop in the flight line reflect the "modicum" of creativity copyright requires. These elements are thus entitled to copyright protection. As to the Dandelion Work, the color scheme, positioning, seed disbursement pattern, and seed shape also demonstrate originality and retain copyright protection.

**Substantial similarity**

After determining the scope of a plaintiff's copyright protection, courts engage in the second prong of the infringement analysis—copying. Copying requires both copying in fact and

5

improper appropriation. See Feist, 499 U.S. at 361. Defendant concedes copying in fact, but argues this copying was not improper.

This circuit uses the ordinary observer test to determine whether improper appropriation has occurred. Incredible Techs., 400 F.3d at 1011. Improper appropriation occurs when two works are so substantially similar that an ordinary observer would conclude that that the accused infringer improperly copied the protectable expression of the work. Atari, 672 F.2d at 614. Before comparing the works in question, non-protectable elements must be extracted. See Incredible Techs., 400 F.3d at 1011 ("[D]espite what the ordinary observer might see, the copyright laws preclude appropriation of only those elements of the work that are protected by the copyright."). Once all non-protectable elements are extracted, the ordinary observer evaluates overall similarity in light of the works' total concept and feel. Atari, 672 F.2d at 614. Works are compared side by side. Wildlife Express Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 510 (7th Cir. 1994).

**The Airplane Work**

As noted, the idea of a paper airplane and a method for folding it are not protectable. Eliminating those elements from the equation leaves both shirts depicting a single white paper airplane on the front of a dark blue shirt, flying across the wearer's chest, trailed by a broken line with a single loop. Both shirts also vertically arrange the necessary steps to fold a paper airplane on the back. That, however, is where the similarity ends. Plaintiff's shirt is short sleeved, with a collar and three buttons down the front vent. Defendant's shirt has no collar and has long sleeves. The paper airplane on plaintiff's shirt faces upward and to the wearer's left, while the paper airplane on defendant's shirt faces downward to the wearer's right. The flight paths of the

two airplanes are depicted differently, and the actual paths are also different. The depictions of the two paper airplanes are different, with the defendant's airplane having upward turned wing ends in contrast to plaintiff's flat wings. Plaintiff's folding instructions consist of five steps, ordered from top to bottom, while defendant's instructions consist of four step ordered from bottom to top. Defendant's instructions actually do not work because they are missing step number two.

There are other differences between the two shirts, but those listed above are sufficient for the court to conclude that no ordinary observer comparing the two shirts could reasonably conclude that defendant misappropriated plaintiff's protectable expression. Therefore, defendant's motion to dismiss with respect to the Airplane Work is granted.

**The Dandelion Work**

The plaintiff's claim with respect to the Dandelion Work fares no better. The idea of a dandelion, in and of itself, is excluded at the outset of the ordinary observer test. Plaintiff's creative expression of this idea, which is protectable, consists of plaintiff's choice of design elements, unique arrangement of the dandelion and its seeds, and the color scheme. The court finds that an ordinary observer would not conclude that defendant wrongfully appropriated these protectable elements from the Dandelion Work. The differences between the two shirts are far more than minor. First, the shirts employ an entirely different color scheme. Plaintiff uses white printing on a black background, while defendant uses black printing on a yellow background. Although both shirts depict a dandelion residing at the wearer's lower right, the seeds disburse from the dandelion in a different manner. Defendant's seeds scatter randomly, while plaintiff's spell out the words "Bon Voyage," communicating a different message literally and figuratively.

7

Defendant's seeds are feathery and umbrella-like, while plaintiff's resemble matchsticks. Given these differences, each shirt impresses upon the ordinary observer its own distinct "total concept and feel." Accordingly, plaintiff has not plausibly alleged that the Dandelion Work is substantially similar to defendant's design.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted

**ENTER:** May 17, 2013

_____
**Robert W. Gettleman**
**United States District Judge**

Exhibit A: Fooey Airplane Work



Exhibit B: Gap Airplane



Exhibit C: Fooey Dandelion Work



Exhibit D: Gap Dandelion

